**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) MICHELE RADER, | |
| Plaintiff, | |
| v. | Case No.: 24-cv-00445-JFJ |
| (1) OX CAR CARE INC., a Foreign Corporation, | |
| Defendant. | |
| | ATTORNEY LIEN CLAIMED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW** the Plaintiff, Michelle Rader, by and through her attorneys of record, SMOLEN | LAW, PLLC, and for her cause of action against Defendant Ox Car Care Inc., sets forth and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Michelle Rader is a citizen of the State of Oklahoma and a resident of Washington County, Oklahoma.

2.      Defendant Ox Car Inc. ("Ox") is a citizen of the State of California. Ox is licensed by the National Association of Insurance Commissioners to conduct business as a service contract provider in Oklahoma, and regularly conducts business in Washington County, Oklahoma.

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and this is a controversy between citizens of different states.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, occurrences, and omissions giving rise to Plaintiff's claims occurred within the confines of this judicial district.

## FACTS COMMON TO ALL CLAIMS

5.      Paragraphs 1-4 are incorporated herein by reference.

6.      On or about March 9, 2024, Plaintiff purchased a service contract from Ox, service agreement number OXMT045852 ("Service Contract"), for her 2016 Ram 2500 ("Ram").

7.      The Service Contract price was $4,131.00.

8.      The Service Contract had a term of 60 months/100,000 miles.

9.      Under the Service Contract, Ox promised and warrantied that it would pay for and/or provide repairs for certain mechanical issues with the Ram.

10.     In April of 2024, Plaintiff heard a ticking noise coming from the engine compartment of the Ram.

11.     On April 18, 2024, Plaintiff took the Ram to Erin's Performance and Auto Repair in Bartlesville, Oklahoma for inspection.

12.     The inspection revealed that the Ram's engine lifters required replacement.

13.     At the time of the inspection, the Ram was within the term of the Service Contract.

14.     The mechanical work required to fix the Ram was covered by the Service Contract.

15.     Plaintiff submitted a claim to Ox under the Service Contract, and provided Ox with all necessary mechanical records and information to properly evaluate her claim.

16.     Despite being provided all mechanical records and other information necessary to evaluate Plaintiff's claim, Ox unreasonably denied Plaintiff's claim.

17.     Defendant Ox is, and has been, in possession of all information necessary to evaluate Plaintiff's claim. To date, Ox has not tendered benefits plainly owed to Plaintiff under the Service Contract.

18.     At all times relevant hereto, Plaintiff relied on Ox to properly handle her claim and

make payment and/or promptly and properly repair the Ram pursuant to the coverage afforded under the Service Contract.

19.     Plaintiff made all necessary and required demands on Ox for payment of the benefits and/or repairs owed under the Service Contract and otherwise satisfied all conditions precedent for payment.

20.     Ox has unreasonably failed and refused to pay Plaintiff the appropriate benefits due and/or repairs owed under the Service Contract.

21.     As a result, Plaintiff has suffered the loss of Service Contract benefits, loss of use of the Ram, mental and emotional distress, anxiety, embarrassment, and financial hardship.

## CAUSE OF ACTION

**COUNT I:     BREACH OF CONTRACT/BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

22.     Paragraphs 1-21 are incorporated herein by reference.

23.     Under Oklahoma Law, the Service Contract is considered an insurance agreement.

24.     Defendant owed Plaintiff a duty to act in good faith and deal fairly with her in the handling of her claim for benefits under the Service Contract.

25.     At the time of the mechanical issues with the Ram, the Ram was covered under the Service Contract and Plaintiff was entitled to benefits under the Service Contract.

26.     Plaintiff requested that Defendant tender payment or otherwise promptly and properly repair the Ram and Defendant has failed and refused to do so.

27.     Plaintiff has performed all conditions precedent under the applicable Service Contract and fully cooperated with Defendant's requests for information.

28.     Defendant has breached its obligations under the Service Contract, and Plaintiff has suffered damages.

29.     In its handling of Plaintiff's claim for benefits under the Service Contract, and as a matter of routine practice in handling similar claims, Defendant breached its affirmative duty to deal fairly and in good faith towards the Plaintiff in the following respects:

    a.   Failing to pay Plaintiff the benefits she was entitled to receive under the Service Contract when Defendant knew Plaintiff was entitled to those benefits;

    b.   Failing to repair the Ram under the Service Contract when Defendant knew Plaintiff was entitled to those benefits;

    c.   Withholding payment of benefits and/or repairs due and owing under the Service Contract when Defendant knew that Plaintiff's claim for such benefits was valid;

    d.   Unreasonably delaying payment of benefits and/or repairs under the Service Contract without reasonable basis;

    e.   Refusing to repair the Ram and/or pay Plaintiff's claim for benefits under the Service Contract for reasons contrary to the express provisions of the law;

    f.   Intentionally and recklessly misapplying provisions of the Service Contract and looking for ways to avoid repairing the Ram and/or paying some or all of Plaintiff's claim for benefits under the Service Contract;

    g.   Failing to properly investigate Plaintiff's claim for benefits under the Service Contract;

    h.   Failing to properly evaluate Plaintiff's claim for benefits under the Service Contract;

    i.   Failing to adopt and implement reasonable standards for the prompt investigation, evaluation, and handling of claims arising under its service contracts, including Plaintiff's claim;

j.    Unreasonably delaying Plaintiff's claim for benefits and putting the burden of investigation onto Plaintiff and her attorneys; and

k.    Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiff's claim and/or repair of the Ram.

30.    As a result of Defendant's wrongful conduct set forth herein, Plaintiff has suffered actual damages, including the loss of Service Contract benefits, loss of use of the Ram, mental and emotional distress, anxiety, embarrassment, and financial hardship, in amounts that exceed Seventy-Five Thousand Dollars ($75,000.00).

31.    The intentional, wanton, and reckless conduct of Defendant in disregard of Plaintiff and others was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

32.    Such actions were not only detrimental to Plaintiff, but to the public in general.

33.    Defendant acted intentionally, maliciously, and in reckless disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against Defendant.

**WHEREFORE**, based on the foregoing, Plaintiff prays that the Court grant her the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all applicable pre-judgment interest, post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court. Plaintiff demands a jury trial on all issues and claims.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Christopher D. Mochulsky, CBA #52629
611 S. Detroit Ave.
Tulsa, OK  74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
chrism@smolen.law
*Attorneys for Plaintiff*