**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHELE RADER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 24-cv-00445-JFJ** |
| ) | |
| **OX CAR CARE INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment against Defendant Ox Car Care Inc. (ECF No. 38).  Defendant did not respond to the motion by the required deadline and has not requested an extension of time to respond.  For reasons explained below, the Motion for Default Judgment is **GRANTED**, and the Court will set an evidentiary hearing to determine the amount of the judgment.

## I.      Factual Background

On September 23, 2024, Plaintiff filed her Complaint and Jury Demand, asserting claims against Defendant Ox Car Care Inc.  ECF No. 2.  On October 3, 2024, Plaintiff served the Complaint and Summons on Defendant's registered agent.  ECF No. 7.  Defendant's counsel entered their appearance on October 23, 2024.  ECF No. 8.[1]  Defendant filed a motion to compel arbitration on November 7, 2024.  ECF No. 15.  Plaintiff responded on November 29, 2024, (ECF No. 21), and Defendant filed a reply on January 6, 2025 (ECF No. 26).  On July 10, 2025, the Court granted Defendant's motion to compel arbitration and stayed the case.  ECF No. 31.  On

---

[1] The Court granted Defendant's motion to admit co-counsel pro hac vice on November 6, 2024, and directed co-counsel to file an entry of appearance.  ECF No. 14.  However, co-counsel never entered his appearance in the case.

April 2, 2026, Defendant's counsel filed a motion to withdraw and informed the Court that his co-counsel had passed away.  ECF No. 34.

The Court held a status conference on April 22, 2026.  Defendant's counsel informed the Court that, despite successfully compelling arbitration, Defendant had (1) failed to pursue arbitration remedies, (2) ceased all communications with counsel, and (3) upon counsel's information and belief, no longer desired to defend the case.  ECF No. 36.  The Court granted the motion to withdraw conditioned on Defendant obtaining new counsel.  *Id.*  The Court stated: "If Defendant fails to cause counsel to enter an appearance within 20 days, Defendant may be subject to adverse litigation consequences up to and including default judgment on all claims originally compelled to arbitration by this Court."  *Id.*  The Court also lifted the stay.  *Id.*

On May 20, 2026, after Defendant failed to cause new counsel to enter an appearance on its behalf, the Court entered an order: (1) allowing Defendant's counsel to withdraw; (2) stating that Defendant was subject to default or sanctions for failing to obey Court orders; (3) stating that Defendant waived its right to arbitrate the dispute; (4) reopening the case; and (5) permitting Plaintiff to seek any desired relief, such as sanctions, no later than June 22, 2026.  ECF No 37.

Pursuant to the Court's May 20, 2026, order and Federal Rule of Civil Procedure 16(f)(1)(C), Plaintiff moves the Court to enter a sanction of default judgment against Defendant.

## II.     Legal Standard

Federal Rule of Civil Procedure 16(f)(1)(C) authorizes the Court to enter any sanction authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  Rule 37 authorizes the sanction of default judgment.  Fed. R. Civ. P. 37(b)(2)(A)(vi).  As this Court has previously stated, "[b]ecause a default judgment is an extreme sanction, it is 'appropriate only in cases of willful misconduct.'"  *Tulok Vill., LLC v.*

*Arthur*, No. 21-CV-178, 2023 WL 5312908, at *3 (N.D. Okla. Apr. 14, 2023) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).  "A 'willful failure' is 'any intentional failure as distinguished from involuntary noncompliance.'"  *Id.* (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987)).  However, "[n]o wrongful intent need be shown."  *Id.*  Before imposing a default judgment as a sanction, a court should consider the following factors:

> (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (citation modified).

### III.    Analysis

Defendant engaged in willful disobedience of this Court's orders.  After the Court compelled arbitration, Defendant willfully refused to arbitrate and ceased communications with its former counsel.  Defendant failed to comply with the Court's April 22, 2026, order to cause new counsel to enter an appearance by the required deadline.  Defendant is fully aware of this litigation, the legal claims against it, and the obligation to defend but has willfully elected to cease defending the litigation.

Defendant's failure to comply with the Court's orders has caused prejudice to Plaintiff because Plaintiff cannot complete discovery or otherwise prosecute her reopened claims. Defendant's failures have interfered with the judicial process by frustrating motion practice, discovery, and the Court's original order compelling arbitration.  The Court provided an express warning of a default judgment in its April 22, 2026, order, which Defendant ignored.  No lesser sanction would be effective because Defendant has no apparent desire to defend this case.  *Id.* at

*4 ("As to the efficacy of lesser sanctions, there is no lesser sanction that would be effective where Defendants have indicated a lack of desire to defend the case.").

## IV.    Conclusion

Plaintiff's Motion for Default Judgment (ECF No. 38) is GRANTED pursuant to Rule 16(f)(1)(C) as a sanction for failure to abide by court orders and defend the case.  An evidentiary hearing on Plaintiff's damages is scheduled for August 20, 2026, at 10:00 A.M. pursuant to Federal Rule of Civil Procedure 55(B)(2).

**SO ORDERED** this 27th day of July, 2026.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**